Tsongas v Apex Constr./Masonry Corp. (2020 NY Slip Op 07520)





Tsongas v Apex Constr./Masonry Corp.


2020 NY Slip Op 07520


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 150586/17 Appeal No. 12622 Case No. 2020-03061 

[*1]Nikolaos Tsongas, Plaintiff-Respondent,
v
Apex Construction/Masonry Corp., Defendant, Alan Cumming et al., Defendants-Appellants.


Eustace, Prezioso & Yapchanyk, New York (Christopher M. Yapchanyk of counsel), for appellants.
Rosenberg Minc Falkoff & Wolff, LLP, New York (Arthur Tisi of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about July 6, 2020, which, inter alia, denied the motion of defendants Alan Cumming and Grant L. Shaffer (Homeowner Defendants) for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against them.
Plaintiff was injured when he fell into a hole dug by employees of codefendant Apex Construction/Masonry Corp. (Apex) in the backyard of Homeowner Defendants' home during renovation of the premises. The hole was created for the purpose of building the foundation for a deck. Homeowner Defendants hired nonparty IA Construction Management Inc. as the general contractor, which subcontracted out part of the work to Apex; plaintiff was an employee of IA Construction.
Here, plaintiff's accident arose from the means and methods of Apex's work, not a defective premises condition. Thus, the dispositive issue is whether the Homeowner Defendants had authority to exercise supervisory control over the injury-producing work, not whether they created or had notice of the hazardous condition (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). The record establishes, as a matter of law, that they had no such authority. It is undisputed that Homeowner Defendants lived offsite during the renovation project and had no involvement with the work, and Apex's owner testified that the homeowners did not direct or control Apex's work.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020